**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3692-16T3

WOODCLIFF LAKE INVESTORS I, LLC,

    Plaintiff-Appellant,

v.

PLANNING BOARD OF THE BOROUGH
OF WOODCLIFF LAKE, BOROUGH OF
WOODCLIFF LAKE, and BOROUGH OF
WOODCLIFF LAKE MAYOR AND COUNCIL,
a Municipal Corporation of the
State of New Jersey,

    Defendants-Respondents.

_____

        Argued May 1, 2018 — Decided June 11, 2018

        Before Judges Carroll and DeAlmeida.

        On appeal from Superior Court of New Jersey,
        Law Division, Bergen County, Docket No.
        L-9515-15.

        Louis L. D'Arminio argued the cause for
        appellant (Price, Meese, Shulman & D'Arminio,
        PC, attorneys; Louis L. D'Arminio, of counsel
        and on the brief; Brian J. Yarzab, on the
        brief).

        Justin D. Santagata argued the cause for
        respondents (Kaufman, Semeraro & Leibman LLP,
        attorneys; Justin D. Santagata, on the brief).

PER CURIAM

Plaintiff Woodcliff Lake Investors I, LLC (WLI) appeals from a Law Division judgment upholding a municipal planning board's imposition of a residential development fee on the multi-family townhouse development of WLI's property. We affirm.

I.

WLI was the contract purchaser of land in Woodcliff Lake Borough on which were seven single-family homes (the property). The property is in the R-30 Zone, a one-family residential zone. After several years of negotiations between WLI and borough officials, on July 14, 2014, the governing body adopted an ordinance creating a Townhome Overlay District (THO) in the R-30 Zone, allowing for the development of multi-family townhomes not otherwise permitted in the zone. WLI's property is in the THO.

A provision of the borough's zoning ordinance allows for the collection of a residential development fee of 1% of the equalized assessed value of any new one-family dwelling constructed in specified zones in the borough, minus the equalized assessed value of any dwelling being replaced. The fee is intended to assist in the construction of affordable housing. The ordinance lists the R-30 Zone, but not the THO, in the provision authorizing the collection of the residential development fee.

On August 18, 2015, the Woodcliff Lake Borough planning board approved WLI's application to demolish the seven existing single-family dwellings on the property and construct forty residential townhome units with related improvements. Over plaintiff's objection, the approving resolution, adopted on September 28, 2015, included a provision assessing the residential development fee based on the planning board's finding that the property is within the R-30 Zone.

WLI thereafter filed a complaint in lieu of prerogative writ challenging the imposition of the fee. WLI argued that because the ordinance did not expressly list the THO among the zones in which imposition of the fee is authorized, assessment of the fee on the development of WLI's property was unlawful. In addition, WLI argued the municipality was not authorized to collect the fee because it lacks a housing element fair share and compliance plan approved by the Council on Affordable Housing (COAH). See N.J.A.C. 5:94-6.3 (expired) ("no municipality, except . . . municipalities seeking to achieve . . . a judgment of compliance, shall impose or collect development fees . . . .").[1]

After a trial on stipulated facts, Judge William C. Meehan issued a written opinion rejecting WLI's arguments. Judge Meehan

_____

[1] Plaintiff does not pursue this argument on appeal.

A-3692-16T3

found that the THO does not supersede the R-30 Zone, but is an overlay of the zone. Thus, properties in the THO are also in the R-30 Zone. In addition, the judge held that exempting development in the overlay zone from the fee otherwise applicable in the R-30 Zone would contravene the intention of the drafters of the ordinance. The court also rejected WLI's argument that a 2015 amendment to the ordinance evinced an intention to limit application of the fee in overlay zones, except for one overlay zone concerning senior housing expressly included in the ordinance. Finally, Judge Meehan noted that in In re N.J.A.C. 5:96 & 5:97, 221 N.J. 1, 8 (2015), the Court transferred COAH's responsibilities to the Superior Court. He held that it was not the Court's intent to prevent municipalities from collecting the fee while the courts implemented COAH's mandates. On March 20, 2017, the trial court entered a judgment dismissing plaintiff's complaint with prejudice.

This appeal followed.

Having considered plaintiff's arguments in light of the record and applicable legal standards, we affirm substantially for the reasons expressed in the cogent and well-reasoned written opinion of Judge Meehan. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3692-16T3